## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **JAMES T. BUECHLER** | * |
| **4538 Greencove Circle** | |
| **Sparrows Point, Maryland 21219** | * |
| **(Baltimore County)** | |
| **Individually and on behalf of all** | * |
| **others similarly situated,** | |
| | *    **Civil Action No.:** |
|      **Plaintiff,** | |
| | * |
| **v.** | |
| | * |
| | |
| **PNC BANK, NATIONAL ASSOCIATION** | * |
| **249 Fifth Avenue** | |
| **Pittsburgh, Pennsylvania** | * |
| | |
|      **Serve on:** | * |
| | |
|      **CSC-Lawyers Incorporating Service Co.** | * |
|      **7 St. Paul Street, Ste. 1660** | |
|      **Baltimore, Maryland 21202** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now James T. Buechler, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      Plaintiff James T. Buechler brings this action individually and on behalf of all others similarly situated against Defendant PNC Bank, National

Association ("PNC Bank"), alleging violations of the Electronic Fund Transfers

Act, 15 U.S.C. § 1693 et seq. and its implementing regulations 12 C.F.R. § 205 et

seq. (hereinafter referred to collectively as the "EFTA").

2.     The Congressional findings and declaration of purpose regarding

EFTA are as follows:

### Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds
provides the potential for substantial benefits to consumers.  However, due
to the unique characteristics of such systems, the application of existing
consumer protection legislation is unclear, leaving the rights and liabilities
of consumers, financial institutions, and intermediaries in electronic fund
transfers undefined.

### Purposes

It is the purpose of this subchapter to provide a basic framework
establishing the rights, liabilities, and responsibilities of participants in
electronic fund transfer systems.  The primary objective of this subchapter,
however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

3.     Among other things, the EFTA imposes certain disclosure

requirements upon operators of automated teller machines ("ATMs").

4.     15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes

fees on consumers in connection with electronic fund transfers to provide notice of

the fact that the fee is being imposed and the amount of the fee.

5.     15 U.S.C. § 1693(d)(3)(B) identifies the location where the required

notice must be posted as follows:

## (B)  Notice requirements

### On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

### On the screen

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

6.      The relevant implementing regulation, 12 C.F.R. § 205.16(c)

reinforces EFTA's statutory posting requirement, mandating that the mandatory fee

notice:  1) be posted in a "prominent and conspicuous location" on or at the ATM

machine;  and,  2) "on the screen of the automated teller machine or by providing it

on paper, before the consumer is committed to paying the fee."  12 C.F.R. §

205.16(c)(1) and (2).

7.      15 U.S.C. § 1693(d)(3)(C), and its implementing regulation, 12 C.F.R.

205.16(e), prohibit ATM operators from imposing a fee on a consumer unless

EFTA's notice and posting requirements are followed by the ATM operator.

8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

## (C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in

connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

The consumer receives such notice in accordance with subparagraph (B) . . . .

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1693 et seq.

10.     Plaintiff's claims asserted herein arose in this judicial district.

11.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

12.     Plaintiff, James T. Buechler, is and at all times relevant hereto was a resident of the State of Maryland, Baltimore County.

13.     Defendant PNC Bank, National Association is a national bank headquartered at 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

14.     PNC Bank is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

15.     On June 9, 2009, Plaintiff made an electronic fund transfer at Defendant's ATM located at Giant Food Grocery Store #103, 6626 Ritchie Highway, Glen Burnie, Maryland 21061.  Plaintiff made a $100.00 cash withdrawal from Defendant's ATM at this time.  At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

16.     Defendant charged Plaintiff a "terminal owner fee" of $2.50 in connection with the above-described transaction.

17.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

18.     Photocopies of the machine and a copy of the ATM receipt relating to this transaction are attached as **Exhibit 1**.

19.     Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

20.     On June 10, 2009, Plaintiff made an electronic fund transfer at Defendant's ATM located at Giant Food Grocery Store #131, 8665 Philadelphia Road, Baltimore, Maryland 21237.  Plaintiff made a $100.00 cash withdrawal from Defendant's ATM at this time.  At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

21.     Defendant charged Plaintiff a "terminal owner fee" of $2.50 in

connection with the above-described transaction.

22.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

23.     Photocopies of the machine and a copy of the ATM receipt relating to this transaction are attached as **Exhibit 2**.

24.     Because Defendant did not post the required notice, it was not permitted to charge a usage fee to Plaintiff and other class members.

25.     On June 10, 2009, Plaintiff made an electronic fund transfer at Defendant's ATM located at Giant Food Grocery Store #363, 1400 Merritt Boulevard, Dundalk, Maryland 21222.  Plaintiff made a $100.00 cash withdrawal from Defendant's ATM at this time.  At the time of the above-described electronic transaction, Plaintiff did not maintain any accounts with Defendant.

26.     Defendant charged Plaintiff a "terminal owner fee" of $2.50 in connection with the above-described transaction.

27.     However, at the time of the above-described transaction, there was no notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee would be charged for use of the ATM.

28.     Photocopies of the machine and a copy of the ATM receipt relating to this transaction are attached as **Exhibit 3**.

29.     Because Defendant did not post the required notice, it was not

permitted to charge a usage fee to Plaintiff and other class members.

## CLASS ALLEGATIONS

30.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

31.     Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who:  1) were charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2)  no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

32.     **Numerosity**:  The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.  The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records.  Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

34.   **Typicality**:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.  Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendant's terminals was not present.

35.   **Common Questions of Fact and Law**:  There is a well-defined community of interest and common questions of fact and law affecting members of the class.  The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a.   Whether under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16 Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

b.   Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

c.   Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

36.   **Adequacy of Representation**:  Plaintiff is an adequate representative

of the class because her interests do not conflict with the interests of the members

of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect

the interests of the members of the class and has no interests antagonistic to the

members of the class.  Plaintiff has retained counsel who are competent and

experienced in the prosecution of class action litigation.

37.  **Superiority**:  A class action is superior to other available means for

the fair and efficient adjudication of the claims of the class.  While the aggregate

damages which may be awarded to the members of the class are likely to be

substantial, the damages suffered by the individual members of the class are

relatively small.  As a result, the expense and burden of individual litigation makes

it economically infeasible and procedurally impracticable for each member of the

class to individually seek redress for the wrongs done to them.  Plaintiff does not

know of any other litigation concerning this controversy already commenced by or

against any member of the class.  The likelihood of the individual members of the

class prosecuting separate claims is remote.  Individualized litigation would also

present the potential for varying, inconsistent, or contradictory judgments, and

would increase the delay and expense to all parties and the court system resulting

from multiple trials of the same factual issues.  In contrast, the conduct of this

matter as a class action presents fewer management difficulties, conserves the

resources of the parties and the court system, and would protect the rights of each

member of the class.  Plaintiff knows of no difficulty to be encountered in the

management of this action that would preclude its maintenance as a class action.

## SUBSTANTIVE VIOLATION

38.   15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

39.   Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B)  Notice requirements

On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

40.   In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

The consumer receives such notice in accordance with subparagraph (B) . . . .

41.   EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

42.   Defendant violated the notice requirements of EFTA in connection

with providing host transfer services to Plaintiff and the Class.

43.     Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

44.     15 U.S.C. § 1693m provides that Defendant shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693, *et seq.*, in the amount of, *inter alia*, statutory damages to be determined by the court, the costs of this action and reasonable attorneys' fees.

45.     By way of this action, Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the class, prays for:

1.     An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

2.     An award to Plaintiff and the members of the class of statutory damages;

3.     Payment of costs of suit; and,

4.     Payment of reasonable attorneys' fees.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated:  June 29, 2009                              Respectfully Submitted,


                              _____/s/ E. David Hoskins_____
                              E. David Hoskins, Bar No. 06705
                              LAW OFFICES OF E. DAVID HOSKINS, LLC
                              Quadrangle Building at Cross Keys
                              2 Hamill Road, Ste. 362
                              Baltimore, Maryland  21210
                              (410) 662-6500 (Tel.)
                              (410) 662-7800 (Fax)
                              dhoskins@hoskinslaw.com

Of Counsel:

R. Bruce Carlson, Esq.
Gary F. Lynch, Esq.
Stephanie K. Goldin, Esq.
CARLSON LYNCH
36 N. Jefferson Street
P.O. Box 7635
New Castle, Pennsylvania  16107
(724) 656-1555
(724) 656-1556